OPINION
Defendant-appellant, Gregory G. Fields, appeals his convictions by the Mason Municipal Court. We reverse appellant's convictions, and remand for further proceedings consistent with this opinion.
Appellant was accused of (1) driving without an operator's license, Mason City Ordinances ("M.C.Ord.") 335.01(B); (2) driving under the influence of alcohol, M.C.Ord. 333.01(A)(1); (3) criminal trespass, M.C.Ord. 541.05; and domestic violence, M.C.Ord. 537.14(C). The incident that the charges were based upon occurred on June 17, 1997. Appellant was arraigned before the trial court on June 24, 1997. At that time, appellant entered a plea of not guilty. The court reporter stated that no transcript of this hearing is available because the audiotape of the arraignment was inaudible.
A trial was held before the court on July 1, 1997. Appellant was not represented by counsel during the trial. The court ruled on appellant's charges in two judgment entries filed on September 24, 1997, and a third judgment entry filed on October 14, 1997. The trial court found appellant not guilty of driving without an operator's license and his criminal trespass charge was dismissed with costs. The trial court found appellant guilty of domestic violence and driving under the influence of alcohol.
For his driving under the influence of alcohol conviction, appellant was fined $300, required to pay court costs of $78, and sentenced to serve thirty days in jail.[1] $100 of the $300 fine was suspended, and twenty-seven days of the jail term was also suspended. The court added the following terms and conditions:
 [Appellant] may serve 3 days in 72 hour program, 180 days driving suspension with occupational privileges after first 15 days. Days run from date of arrest. Suspension of part of fine and jail term is conditioned on compliance with sentencing.
For appellant's domestic violence conviction, appellant was fined $150, required to pay court costs of $179, and sentenced to serve thirty days in jail. $100 of the $150 fine was suspended, and twenty-three days of the jail term was also suspended. The court added the following terms and conditions:
 Suspend $100 fine and 23 days jail on condition no repeat violence in one year and that he not appear at victim's residence in any degree of intoxication for one year. Non-reporting Probation 1 year. Time to pay — 30 Days.
A motion was filed by appellant on October 15, 1997, requesting that the trial court stay the execution of his sentences pending an appeal. The motion was orally granted by the trial court and a written entry was filed by the court on June 30, 1998. Appellant appeals the three judgment entries and presents two assignments of error.[2]
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FORCING APPELLANT TO PROCEED TO TRIAL WITHOUT COUNSEL.
Appellant claims that the trial court proceeded with his trial despite the fact appellant did not have an attorney representing him. Appellant argues that he "did not in any way waive hisSixth Amendment right to counsel."
The Sixth Amendment of the United States Constitution states in part: "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." "[The assistance of counsel] is one of the safeguards of theSixth Amendment deemed necessary to insure fundamental human rights of life and liberty." Gideon v. Wainwright (1963),372 U.S. 335, 343, 83 S.Ct. 792, 796. In Gideon, the United States Supreme Court emphasized the importance of a "defendant's need for a lawyer" by describing an average defendant as follows:
 He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.
Gideon, 372 U.S. at 345, 83 S.Ct. 792, 797, quoting Powell v. Alabama (1932), 287 U.S. 45, 68-69, 53 S.Ct. 55, 64.
"The Sixth Amendment right to counsel extends to misdemeanor cases which could result in the imposition of a jail sentence." City of Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216,217, following Argersinger v. Hamlin (1972), 407 U.S. 25,92 S.Ct. 2006. A criminal defendant may not waive his right to counsel unless he does so "competently and intelligently." Godinez v. Moran (1993), 509 U.S. 389, 396, 113 S.Ct. 2680, 2685. When "no knowing and intelligent waiver of counsel is made, `no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."' State v. Gehring (June 27, 1997), Fulton App. No. F-97-005, unreported, at 7, quoting Argersinger,407 U.S. at 37, 92 S.Ct. at 2012.
In Ohio, when a defendant charged with a petty offense is unable to obtain counsel, "no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R. 44(B). The "waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in [Crim.R.] 22." Crim.R. 44(C).
 The trial judge's responsibility in accepting a defendant's waiver of counsel includes the determination that the waiver was made "with the apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."
State v. Overholt (1991), 77 Ohio App.3d 111, 117, quoting Von Moltke v. Gillies (1948), 332 U.S. 708, 724, 68 S.Ct. 316, 323. "Courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel." State v. Dyer (1996), 117 Ohio App.3d 92,96, following Brewer v. Williams (1977), 430 U.S. 387,97 S.Ct. 1232.
A thorough review of the transcripts and records of this case does not demonstrate a valid waiver of counsel by appellant. "The waiver of counsel must affirmatively appear in the record." State v. Krivinsky (June 15, 1998), Warren App. No. CA97-09-098, unreported, at 3, following Dyer, 117 Ohio App.3d at 96. In fact, appellant stated during his trial: "I'm not prepared to present my case without my lawyer." After the state closed its presentation, appellant stated that he did not wish to offer anything in his defense without the presence of an attorney. Appellant did not cross-examine the state's witnesses, did not present a defense, and did not offer a closing argument. The record also does not show that the trial court complied with its responsibilities as outlined in Overholt and Moltke. Furthermore, the state does not allege in its brief that appellant waived his right to counsel. It is the state that bears the burden of overcoming presumptions against a valid waiver. Dyer at 96.
Accordingly, we find that the record does not adequately support the conclusion that appellant validly waived his right to counsel, and therefore "no sentence of confinement may be imposed upon him * * *." Crim.R. 44(B). We remand this case to the trial court for further proceedings where appellant "must be afforded a new trial wherein he is to be represented by counsel, unless he makes a knowing and voluntary waiver thereof." State v. Dressler (May 2, 1997), Portage App. No. 95-P-0001, unreported, at 13.
We distinguish our holding in this case with two other cases we have recently released. In State v. Krivinsky (June 15, 1998), Warren App. No. CA97-09-098, unreported, we held that the defendant's conviction should be upheld even though a transcript of the proceedings did not show that the defendant knowingly, intelligently, and voluntarily waived counsel in open court. However in Krivinsky, an App.R. 9 statement of the proceedings stated that: "[defendant] was advised of his right to counsel and of his right to have counsel appointed" and "defendant stated he did not wish to have counsel appointed and that he was retaining" an attorney. In the present case, there is no evidence in the record that appellant wished to waive his right to counsel.
In State v. Westfall (June 15, 1998), Butler CA97-05-104, unreported, we found that it could be inferred that the defendant waived her right to counsel because she had been given ample time to hire an attorney. We concluded that the trial court did not abuse its discretion in denying the defendant's request for a continuance in order to obtain an attorney because her actions could "be reasonably perceived as taking advantage of the trial court by claiming his right to counsel in order to frustrate or delay the judicial process." Id. at 8, quoting State v. Hook (1986), 33 Ohio App.3d 101, 104. In Westfall, the trial court informed the defendant at least three weeks before her trial that she needed to obtain an attorney. Westfall at 3. In the present case, the record shows that the trial notice was mailed to appellant on June 25, 1997, which was less than one week before his trial on July 1, 1997.
Accordingly, we sustain appellant's first assignment of error. We note that sustaining appellant's first assignment of error does not affect the trial court's disposition of the criminal trespass and the driving without an operator's license charges. Appellant's right to counsel for the criminal trespass and the driving without an operator's license charges were not violated because he was not sentenced to a term of imprisonment for those charges. Scott v. Illinois (1979), 440 U.S. 367, 374-375,99 S.Ct. 1158, 1162. We will not address appellant's other assignment of error because it is rendered moot by our holding. App.R. 12(A)(1)(c).[3] Accordingly, we reverse appellant's convictions, and remand the matter to the trial court for further proceedings that are consistent with this opinion.
Affirmed in part, reversed in part and remanded.
KOEHLER and WALSH, JJ., concur.
[1] The trial court in this judgment entry also found appellant not guilty of driving without an operator's license.
[2] Appellant filed a separate appeal for each judgment entry. We granted a motion filed by appellant to consolidate the three appeals on January 21, 1998.
[3] Appellant's second assignment of error stated: "The trial court erred to the prejudice of the appellant by not providing to the appellant the minimum requirements of due process of law." Appellant argued in his brief that the "trial court did not prepare a written statement as to verdict, findings nor adjudication of the charge of Driving Under the Influence, as required by Crim.R. 32(d)(1) [sic]." Any Crim.R. 32 errors by the trial court as to appellant's driving under the influence conviction are rendered moot by the first assignment of error.