I respectfully dissent. In my view, the record clearly indicates that Richards understood the nature and seriousness of the charges he faced and the potential punishments, and therefore he effectively waived his right to counsel in this case.
In State v. Gibson (1976), 45 Ohio St.2d 366, the court set forth in its syllabus the following standard for effective waiver of the right to counsel:
 1. The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so. Faretta v. California (1975), ___ U.S. ___, 42 L. Ed. 2d 562.
 2. In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right.
In Gibson, the court set forth the following elements of a sufficient inquiry, citing Von Moltke v. Gillies (1948), 332 U.S. 708, 723:
 * * * To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.
The majority believes that the colloquy conducted by the trial court in this case is inadequate to satisfy Von Moltke and its progeny, and emphasizes that the court did not expressly recite these elements before accepting Richards' waiver. Although I agree that the trial court did not strictly comply with Von Moltke, I have concluded that substantial compliance is sufficient in this case because the totality of the circumstances clearly demonstrates that Richards fully understood and intelligently relinquished his right to counsel.
As established by the Court in paragraph two of its syllabus in Johnson v. Zerbst (1938), 304 U.S. 458:
 2. This right may be waived; but the waiver must be an intelligent one; and whether there was such must depend upon the particular facts and circumstances, including the background, experience, and conduct of the accused.
Other appellate districts in this state have adopted this totality of the circumstances/substantial compliance approach to the waiver of the right to counsel. See, e.g. State v. Glasure (1999), 132 Ohio App.3d 227,235 (Seventh Appellate District); State v. Overholt (1991),77 Ohio App.3d 111, 115 (Third Appellate District); State v. Crebs (1987), 42 Ohio App.3d 50, 54 (Ninth Appellate District)
As the Fifth Appellate District recently stated in State v. Drake (May 22, 2001), Perry App. No. 00 CA 10, unreported:
 Strict compliance with Crim.R. 44 is not required so long as the substance and spirit of that rule have been followed. Ebersole at 293, citing State v. Overholt (1991), 77 Ohio App.3d 111, 115, 601 N.E.2d 116. "However, even where the waiver of counsel is implied, there must be a pretrial inquiry as to the waiver of the right to counsel." State v. Glasure(1999), 132 Ohio App.3d 227, 236, 724 N.E.2d 1165. "To infer a waiver, the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the accused person." Id., citing Johnson v. Zerbst (1938), 304 U.S. 458, 464, 82 L.Ed. 1461, 58 S.Ct. 1019.
The record here shows that, at arraignment on April 27, 2000, the court assigned William Doyle to represent Richards in this case. Thereafter, on May 17, 2000, although still represented by Doyle, Richards filed a pro se affidavit of indigency and a pro se motion for a transcript of the preliminary hearing at state expense; the trial court granted the latter on May 26, 2000.
On June 5, 2000, Richards filed a pro se motion to dismiss; although the court dismissed this motion, it evidences that Richards is well-versed in the Ohio Rules of Criminal Procedure, statutory authority, and case law. On June 11, 2000, Richards filed a pro se motion for an order instructing the state to produce the original tape recording of the preliminary hearing; the court granted this motion on June 27, 2000.
On June 19, 2000, Richards filed a pro se motion for an order excluding evidence of his prior convictions, aptly citing Evid.R. 609(B) and the fact that his prior conviction occurred more than ten years earlier.
On June 20, 2000, the court dismissed Doyle as Richards' attorney, found Richards to be indigent, and assigned him a public defender, Kathryn Anne Thomas.
On July 26, 2000, Richards filed a pro se motion to proceed to trial without aid of standby counsel. In this written motion, in which Richards cited Faretta and Gibson, he stated in part:
 * * * The defendant is capable of controlling the presentation of this case to the jury, to make motions, to argue points of law, to direct voir dire, to question witnesses, and to address the court and jury at appropriate points in the trial. The defendant is knowingly, voluntarily, and intelligently waiving his right to counsel's aid.
On August 3, 2000, Richards filed a pro se motion to amend his witness list. On August 7, 2000, Richards filed yet another pro se motion, and on the next day, he filed his proposed jury instructions.
On August 2, 2000, prior to the commencement of trial, the court considered the issue of Richards' waiver of the right to counsel. The following colloquy took place prior to trial:
 THE COURT: Now, Mr. Richards, the Court on a prior date suggested to you that you have counsel and you have important rights that are at stake here. You are not schooled in the law. So you put yourself to some degree of jeopardy here by representing yourself. They say that — Well, I won't say what they say. But in any event, have you had a chance to think that over, and did you wish to proceed at this time? Are you freely waiving your right to counsel?
 MR. RICHARDS: Yes. I would like to proceed pro se, your Honor.
 THE COURT: All right. Very well. The Court is insisting — and I know you have filed a motion here not to have any attorneys, but I will not allow you to proceed without an attorney at the table. The attorneys that have been appointed for you are there for your consultation. They are not there as lead counsel. Do you understand that?
MR. RICHARDS: Yes, your Honor.
* * *
 MR. RICHARDS: The prior pretrial motion I submitted was in regards to standby counsel. The reason why I submitted that motion, because I was of the impression that Kathy Thomas wasn't going to be able to take me to trial today. So I just need to do that so that there won't be any further continuances.
 THE COURT: All right. There won't be. We expect to move forward.
MR. RICHARDS: All right.
 THE COURT: You have very good counsel at your side there.
MR. RICHARDS: Yes, I do, your Honor.
THE COURT: So they will be able to help you.
(Tr. 5-8.)
The court allowed Richards to defend his case at trial pro se, but ordered that public defenders Daniel Scully and John Martin assist him during the trial. At trial, Richards presented a sound, although unsuccessful defense and capably cross-examined state's witnesses; further, the record indicates that he benefitted from the assistance of his standby counsel when, on at least one occasion, Martin objected on Richards' behalf.
From my reading of the record, I have deduced the following facts: that Richards had a previous criminal record and had served a previous prison term; that Richards filed a series of relevant, well-reasoned pro se motions both prior to and during trial; that Richards appeared to be well schooled in criminal law; and that Richards had assistance of standby counsel. I place significance on the fact that Richards cited both Faretta and Gibson in his pro se motion to proceed to trial without aid of standby counsel, which demonstrates his knowledge and understanding of the law concerning the waiver of the right to counsel. How can Richards now deny knowledge of the import of these cases, when he himself cited them as authority in his request to proceed pro se?
In summary, his background, experience, and conduct during the pre-trial proceedings and trial demonstrate that Richards understood the consequences of waiving his right to counsel, and that he knowingly, intelligently, and voluntarily relinquished this right both in writing and in open court.
It is my view that, based on the particular facts and circumstances of this case, including the background, experience, and conduct of the accused, the court properly permitted Richards to proceed pro se. Accordingly, I would reject Richards' arguments to the contrary and affirm the judgment of conviction.