OPINION
This is a timely appeal from a judgment of the Carroll County Court finding John A. Glasure ("Appellant") guilty of obstruction of justice in violation of R.C. § 2921.32(A)(2) and sentencing him to serve six months in the county jail and to pay a fine of $1,000.00.
This appeal raises four assignments of error. First, Appellant complains that the trial court erred when it forced him to represent himself at trial without first securing a waiver of his right to counsel. Second, Appellant argues that he was tried in violation of his constitutional and statutory rights to a speedy trial. Third, Appellant maintains that his trial counsel was ineffective because he executed a waiver of Appellant's right to a speedy trial. Fourth, Appellant argues that the trial court erred when it ordered him to pay a fine of $1,000.00 without first determining his ability to pay such a fine.
As detailed below, Appellant's first assignment of error charging that the trial court failed to secure a valid waiver of his right to counsel is meritorious and requires that this Court reverse Appellant's conviction and remand this matter to the trial court for a new trial.
On August 19, 1994, the Carroll County Sheriff's Office issued a three-count complaint alleging that Appellant obstructed justice by helping William Carrick, Sr. avoid arrest. Appellant was properly served with the complaint on September 1, 1994. On September 9, 1994, Appellant entered a plea of not guilty and the trial court released him on his own recognizance. On September 13, 1994, the trial court granted Appellant's request for the appointment of counsel and on October 6, 1994, counsel executed a written waiver of Appellant's right to a speedy trial.
On December 29, 1994, the prosecution sought and received "for good cause shown" a trial continuance. On February 23, 1995, the day before trial was scheduled to begin, the trial court overruled Appellant's prose motion seeking dismissal of the charges due to the alleged violation of his right to a speedy trial. Apparently during the same hearing, the court also entertained and granted a motion by Appellant's appointed counsel to withdraw from the case. According to counsel, he sought to withdraw from the case because Appellant wanted to, "raise defenses that directly attack counsel's representation of [Appellant] and also wished to defend with matters that counsel does not believe are defenses." (Motion to Withdraw as Counsel, February 23, 1995).
The trial court addressed both motions in a single judgment entry. In that order, the trial court concluded that, "based upon the representation that defendant was acting as co-counsel and has participated actively in his defense," the matter would proceed to jury trial the next day as previously scheduled. (Judgement Entry, March 6, 1995). The record contains no transcript of the hearing surrounding the trial court's decision to allow the prosecution to proceed in the absence of any defense counsel. A hand-written docket entry from that day merely reflects the trial court's conclusion that in light of its decision to allow counsel to withdraw, the defendant would represent himself at the jury trial the next day.
The matter proceeded to trial as scheduled and a jury acquitted Appellant on two of the obstruction of justice counts, while convicting him on a third. Prior to sentencing, the trial court denied Appellant's request for the appointment of counsel. On April 6, 1995, the court sentenced Appellant to six months of incarceration in the Carroll County Jail and imposed a fine of $1,000.00. This appeal followed.
In his first assignment of error, Appellant alleges the following:
 "The trial court erred in refusing to appoint counsel to represent John Glasure, forcing him to represent himself, and sentencing him to jail, thereby depriving Mr. Glasure of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution; and Section 10, Article I of the Ohio Constitution; and Crim.R. 44."
Appellant essentially argues that by granting appointed counsel's motion to withdraw and then proceeding to trial the next morning without first determining whether Appellant had waived his right to counsel or advising him of the risks attending such a waiver, the trial court violated his rights under the state and federal constitutions and the Rules of Criminal Procedure. This Court agrees.
The constitutionally guaranteed right to counsel can only be effectively waived where the trial court first determines that the defendant fully comprehends and intelligently relinquishes that right.State v. Glasure (1999), 132 Ohio App.3d 227, 235; citing State v.Gibson (1976), 45 Ohio St.2d 366 at paragraph 2 of the syllabus. Before accepting a waiver of the right to counsel, the trial court must, "* * * make certain that an accused's professed waiver of counsel is understandingly and wisely made [by engaging him] in a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." Glasure, supra, at 235; citing, Von Moltke v. Gillies
(1948), 332 U.S. 708, 724.
Crim.R. 44, which applies to misdemeanor offenses, provides that, "* * * [w]hen a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R.44(B). The rules of procedure further requires that such a waiver be recorded and occur in open court. Crim.R. 44(C), Crim.R. 22.
The Criminal Rules of Procedure are mandatory. Garfield Heights v.Brewer (1984), 17 Ohio App.3d 216, 217 citing State v. Haag (1976),49 Ohio App.2d 268. Moreover, the Sixth Amendment right to counsel extends to misdemeanors that involve the potential imposition of a jail sentence. Garfield Heights, supra, at 217, citing Argersinger v. Hamlin
(1972), 407 U.S. 25. This Court will indulge every reasonable presumption against the waiver of a fundamental constitutional right. Id. at 217, citing Brewer v. Williams (1977), 430 U.S. 387. Therefore, a waiver of the right to counsel will not be deemed valid unless the record reflects that the trial court substantially complied with the aforementioned procedural rules. Glasure, supra, citing State v. Overholt (1991),77 Ohio App.3d 111, 116-117.
The record demonstrates that the trial court neither sought nor obtained a waiver of counsel from Appellant. In so concluding, this Court is mindful that the record does not include a transcript of the proceedings from the hearing on February 23, 1995, during which the trial court granted appointed counsel's motion to withdraw and concluded that Appellant would represent himself at the ensuing trial. (Judgment Entry, March 6, 1995). Nor does the record include a written waiver of Appellant's right to counsel.
Appellant typically bears the burden of submitting to the court of review a record of the facts and findings that provide the basis for his appeal. Wray v. Parsson (1995), 101 Ohio App.3d 514, 518; App.R. 9. Such a record necessarily includes a complete transcript of the relevant proceedings below. In the absence of such transcripts, this Court will normally assume the correctness of the proceedings in the lower court.Garfield Heights, supra, at 217; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Nevertheless, this appeal implicates the waiver of a fundamental constitutional right and this Court is loath to presume a knowing and intelligent waiver from a silent record. Garfield Heights,supra at 217, citing Carnley v Cochran (1962), 369 U.S. 506, 516.
Accordingly, since the rules of procedure require a criminal defendant's waiver of counsel to be recorded and the law presumes that the waiver did not occur, it is incumbent upon the State to affirmatively demonstrate that the trial court complied with the rules surrounding the waiver of counsel. State v. Dyer (1996), 117 Ohio App.3d 92, 96.
This Court reached a similar conclusion recently in State v. Caynor
(June 12, 2001), Monroe App. No. 821, unreported. There, the appellant likewise claimed that he had been forced to represent himself without properly waiving the right to counsel, As in the instant case, the appellant in Caynor had failed to include a transcript of the pertinent proceedings in the record he submitted on appeal. This Court reasoned that since courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right, the burden fell on the State to show that the trial court complied with the rules surrounding the waiver. Id. at 6.
In the instant case, Appellee cannot satisfy this burden. Appellee, in essence, proposes that Appellant waived his right to counsel by filing several pro se motions in addition to those submitted by counsel. The notion, however, that a defendant effectively waives his right to counsel simply by supplementing his attorney's filings with additional written material is absurd. Nevertheless, the record as it is demonstrates that the trial court based its decision to force Appellant to represent himself at the jury trial on the fact that he had been "acting as co-counsel." Such a conclusion does not under any analysis constitute a knowing and intelligent waiver of Appellant's right to counsel. The record plainly lacks evidence that Appellant waived his right to counsel or that he voluntarily assumed the task of representing himself while fully apprised of the risks associated with such an undertaking. Accordingly, Appellant's first assignment of error has merit.
In his second and third assignments of error Appellant charges that,
 "John Glasure was denied his right to a speedy trial, as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution, and R.C. 2945.71(B)(2). The trial court's decision, overruling Mr. Glasure's Motion for Discharge for Delay in Trial, was error."
"John Glasure was denied the effective assistance of counsel, a rightsecured by the Sixth and Fourteenth Amendments to the United StatesConstitution and Sections 10 and 16, Article I of the Ohio Constitution,when counsel waived Mr. Glasure's speedy trial rights, without Mr.Glasure's consent."
Appellant's second assignment of error complains that the trial court erred in overruling his motion seeking dismissal of the charges against him on speedy trial grounds. The record makes it apparent, however, that this assignment of error is groundless given that Appellant's trial counsel executed a valid written waiver of his right to a speedy trial. Hence, Appellant submits his third assignment of error charging that counsel was ineffective because he waived Appellant's right to a speedy trial in the first place. Since this Court's resolution of Appellant's second and third claims necessarily implicate the right to a speedy trial, the two will be addressed jointly.
The right to a speedy trial is guaranteed under the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. Under R.C. § 2945.71(B), a person charged with a misdemeanor must be brought to trial, "* * * within ninety days after his arrest or service of summons, if the offense charged is a misdemeanor of the first or second degree or * * * for which the maximum penalty is imprisonment for more than sixty days." R.C. §2945.71(2).
Appellant argues that when his appointed counsel filed a written waiver of his right to be tried within the 90 days provided under R.C. §2945.71(2), he did so without Appellant's permission and, therefore, the waiver was not valid. The Ohio Supreme Court explicitly addressed and debunked the validity of such a claim in State v. McBreen (1978),54 Ohio St.2d 315. There, the court held that a criminal defendant's right to a speedy trial could be waived by trial counsel and that, " * * * the defendant is bound by the waiver even though the waiver is executed without his consent." Id. at 320.
The Ohio Supreme Court has also held that following an express written waiver of unlimited duration, like the one trial counsel submitted in the instant case, the defendant is not entitled to a discharge due to any delay in bringing him to trial unless he files a written objection to further continuances and registers a formal demand for trial. State v.O'Brien (1987), 34 Ohio St.3d 7, 9. In that case, the state must then proceed to trial within a reasonable amount of time. A "reasonable" delay under the circumstances generally depends upon the length and grounds for the delay. Id. at 10.
Here, appointed counsel filed a written speedy trial waiver on October 6, 1994, 36 days after Appellant was served with the complaint. Appellant thereafter failed both to object to the waiver and to submit a written demand for trial. Even when the State sought and received a continuance on December 29, 1994, there is no evidence in the record that Appellant or his counsel interposed an objection to that request. Therefore, when, on February 23, 1995, Appellant filed his pro se motion seeking dismissal of the charges because of the alleged delay in bringing him to trial, the motion was properly overruled. Moreover, the trial court circumvented any further delay of the case by commencing trial the next morning.
Appellant's concomitant claim that appointed counsel's performance was rendered ineffective solely because of the speedy trial waiver is baseless. Judicial scrutiny of trial counsel's performance is highly deferential. State v. Bradley, 42 Ohio St.3d 136, 142; citing Stricklandv. Washington (1984), 466 U.S. 668, 689. Accordingly, to maintain his ineffective assistance of counsel claim, Appellant must meet two requirements. First, he must show that trial counsel's performance was so deficient and his, "* * * errors so serious that [he] was not functioning as the counsel guaranteed the defendant by the Sixth Amendment."Strickland, supra at 687. Second, Appellant must demonstrate that the deficient performance prejudiced the defense. Id., see also State v.Lytle (1976), 48 Ohio St.2d 391, 397, vacated in part on other grounds,438 U.S. 910.
While counsel must consult with his client on important trial decisions, great latitude is afforded to counsel in matters of trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 101. Debatable trial tactics typically do not constitute a deprivation of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 47. Consequently, to demonstrate ineffective assistance of counsel, Appellant must overcome a presumption that the undertakings of a properly licensed attorney are sound trial strategy. Strickland, supra at 689. In doing so, hindsight may not be used to distort the assessment of what was reasonable in light of trial counsel's perspective at the time. State v. Cook (1992),65 Ohio St.3d 516, 524-525.
Appellant offers this Court nothing to substantiate his claim that trial counsel's waiver of his right to a speedy trial was anything other than a reasonable trial tactic. Since Appellant cannot meet even the first prong of the Strickland standard, this Court need not examine the matter further. Appellant's second and third assignments of error are, therefore, overruled.
In his fourth assignment of error, Appellant claims that,
 "The trial court committed plain error in violation of R.C. 2929.22(E) and (F), and the Due Process Clauses of the Fourteenth Amendment of the United States Constitution; and Section 16, Article I of the Ohio Constitution, when it imposed a $1000.00 fine, without determining, on the record, John Glasure's ability to pay the fine."
In light of this Court's determination that Appellant's first assignment of error is meritorious and warrants reversal, Appellant's fourth assignment of error is moot.
Accordingly, we reverse the judgment and sentence entered by the trial court and remand this cause in part for further proceedings according to law and consistent with this Court's opinion.
Donofrio, J., concurs.
Vukovich, P.J., concurs.