The STATE of Ohio, Appellee,

v.

WATSON, Appellant.

[Cite as *State v. Watson* (1998), 132 Ohio App.3d 57.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73683.

Decided Dec. 28, 1998.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Dominic DelBalso,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Donald Green,* Assistant Public Defender, for appellant.

---

Rocco, Judge.

This case is before the court on appeal from a judgment of the common pleas court finding appellant Howard Joseph Watson guilty of murder and sentencing him to imprisonment for a term of fifteen years to life. Appellant raises four assignments of error:

"I. Howard Joseph Watson was denied his Sixth Amendment [right] to self-representation when the trial court denied him the right to represent himself *pro se.*

"II. The trial court committed plain error when instructing the jury on voluntary manslaughter.

"III. Howard Watson was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when his counsel failed to object to jury instructions.

"IV. Howard Watson was denied his freedom without due process of law by his conviction that was against the manifest weight of the evidence."

The unequivocal mandates of the Sixth Amendment, as construed by the United States Supreme Court in *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, and by the Ohio Supreme Court in *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, compel us to reverse the appellant's conviction and remand this case for a new trial.

## PROCEDURAL HISTORY

On October 5, 1995, appellant was indicted on one count of murder in violation of R.C. 2903.02, with an aggravated-felony specification. On March 6, 1996, the trial court granted appellant's motion to suppress a statement he had given to the police. This court reversed that ruling on March 20, 1997. *State v. Watson* (Mar. 20, 1997), Cuyahoga App. No. 70344, unreported, 1997 WL 127181.

The case proceeded to a jury trial on October 27, 1997. On November 3, 1997, the jury returned a guilty verdict. The trial court sentenced appellant to a term of fifteen years to life imprisonment on November 17, 1997. This appeal was timely filed on December 15, 1997.

Throughout the proceedings below, appellant expressed his desire to represent himself. For instance, at a pretrial held November 22, 1995, the following exchange took place:

"DEFENDANT: * * * I don't want to waive any of my rights, any of my Sixth Amendment rights I'm not waiving.

"THE COURT: You're not waiving any of them, sir, you're just going to work with your attorneys and assist each other in presenting this case. But what I'm not going to do is make you a co-counsel to these gentlemen, it's not going to happen.

"DEFENDANT: Well, then I would rather go on my own.

"THE COURT: I don't think that's wise.

"DEFENDANT: Well, it's my personal privilege under the Constitution.

"THE COURT: Maybe we'll take that up at a later date, but right now I'm not going to do that."

At the suppression hearing, appellant again told the court that he wanted to represent himself:

"THE COURT: Mr. Watson, let's get some ground rules clear here.

"If there's anything you would like your attorneys to raise during the course of this hearing, I am going to be fairly liberal in letting you consult with your attorneys, and indicate to them anything that you want them to pursue or any

issues that you think they ought to clarify. But you will do that through your attorneys.

"If we need to take a recess for you to consult with your attorneys, I will be liberal in granting you those liberties. All right?

"DEFENDANT: Your Honor, I do not accept counsel on those terms.

"THE COURT: Well, Mr. Watson, those are the terms under which we are going to proceed.

"DEFENDANT: So then you are denying me the right to be heard and defend myself?

"THE COURT: No. You have two well-qualified counsel.

"* * *

"DEFENDANT: Your Honor, how can I accept counsel on those terms? It's an order interposed between me and my defense, I do not accept it.

"THE COURT: Mr. Watson, have a seat.

"DEFENDANT: So you are denying me the right to be heard?

"THE COURT: No. You have counsel, and you will work through your counsel.

"DEFENDANT: I don't accept that.

"THE COURT: Well, you will. Have a seat please."

Again at the beginning of trial, appellant informed the court that he wished to represent himself:

"DEFENDANT: Your Honor, as I am sure you know, my feelings are that I would rather represent myself. And I do believe that I am capable of doing a fairly good job, if not very well.

"But seeing as how I am not going to be allowed that right—and I don't know how much play you are going to give me, as far as if I could question any witnesses during trial or anything.

"THE COURT: I am probably not going to permit you to do that.

"* * *

"DEFENDANT: Well, here's is [sic] my only thing, I think if I cooperate with these two gentlemen, then I'm going to give up some of my rights to self-representation, and I don't want to do that.

"* * *

"THE COURT: * * * So I understand you want to represent yourself. I think that you have two very competent counsel. Both of these gentlemen have

been in the courtroom on many occasions. They have got a lot of experience, and I think that they are going to give you more than adequate representation, and you ought to cooperate with them.

"I think that you have counsel who are going to provide you with effective representation.

"You know, ultimately, I think defendants who represent themselves do themselves more harm than good.

"* * *

"* * * I really think that you run the risk of hurting yourself by serving as your own attorney during the course of the trial. I say that very openly to you.

"And I really do think that the two gentlemen are going to give you an effective defense.

"* * *

"* * * [M]y strong feeling is, Mr. Watson, that you let these gentlemen help you, and they can work on your behalf. And then you better cooperate with them."

## LAW AND ANALYSIS

In his first assignment of error, appellant argues the trial court denied him his Sixth Amendment right to represent himself. The right to self-representation was first discussed by the United States Supreme Court in *Faretta v. California* (1975), 422 U.S. 806, 819–820, 95 S.Ct. 2525, 2533–2534, 45 L.Ed.2d 562, 572–573:

"Although not stated in the [Sixth] Amendment in so many words, the right to self-representation—to make one's own defense personally—is thus necessarily implied by the structure of the Amendment. The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.

"The counsel provision supplements this design. It speaks of the 'assistance' of counsel, and an assistant, however expert, is still an assistant. The language and spirit of the Sixth Amendment contemplates that counsel, like the other defense tools guaranteed by the Amendment,[1] shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case,

---

1. The Sixth Amendment also accords a criminal defendant the right to be informed of the nature and cause of the charges against him or her, the right to confront witnesses, and to compel witnesses in the defendant's favor.

counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists."

The Supreme Court in *Faretta* conceded that the right to self-representation "seems to cut against the grain" of decisions recognizing the right to the assistance of counsel, acknowledging that "the basic thesis of those decisions is that the help of a lawyer is essential to assure the defendant a fair trial." *Faretta*, 422 U.S. at 832–833, 95 S.Ct. at 2540, 45 L.Ed.2d at 580. However, the *right* to counsel does not mean the court may *compel* a defendant to accept an attorney he or she does not want. "The value of state-appointed counsel was not unappreciated by the Founders, yet the notion of compulsory counsel was utterly foreign to them." *Id.* at 833, 95 S.Ct. at 2540, 45 L.Ed.2d at 580.

Counsel will almost inevitably provide a better defense than an unskilled defendant. "But where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly." *Id.* at 834, 95 S.Ct. at 2540, 45 L.Ed.2d at 581. "And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'" *Id.*, quoting *Illinois v. Allen* [1970], 397 U.S. 337, 350–351, 90 S.Ct. 1057, 1064, 25 L.Ed.2d 353, 363 (Brennan, J., concurring).

To invoke the right to self-representation, the right to the assistance of counsel must be knowingly, voluntarily, and intelligently waived. A two-part inquiry may be required. First, the court must determine whether the defendant is competent to waive the right to counsel if the court has reason to doubt the defendant's competence. Second, the court must decide whether the waiver is knowing and voluntary. *Godinez v. Moran* (1993), 509 U.S. 389, 400–402, 113 S.Ct. 2680, 2687–2688, 125 L.Ed.2d 321, 332–334.

The competency standard for waiving the right to counsel is the same as that applicable in determining competency to stand trial: whether the defendant has a rational understanding of the proceedings against him or her. *Godinez*, 509 U.S. at 396–400, 113 S.Ct. at 2686–2687, 125 L.Ed.2d at 330–333. The Supreme Court in *Godinez* made clear that the decision to waive counsel does not require a higher level of competency than a decision to waive other constitutional rights; "the competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." (Emphasis *sic.*) *Godinez*, 509 U.S. at 399, 113 S.Ct. at 2687, 125 L.Ed.2d at 332.

"Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so

that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581–582, quoting *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268, 275; see, also, *State v. Gibson* (1976), 45 Ohio St.2d 366, 376–377, 74 O.O.2d 525, 530–532, 345 N.E.2d 399, 405–406. To discharge this duty properly, the court should candidly and thoroughly discuss with the defendant "the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Von Moltke v. Gillies* (1948), 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309, 321. The defendant must fully understand the advantages that counsel can provide and the practical effect of giving up those advantages. The defendant also should be informed of the standards with which he will be expected to comply in conducting his own defense, for example, the Rules of Criminal Procedure and the Rules of Evidence. *Gibson,* 45 Ohio St.2d at 376–377, 74 O.O.2d at 530–532, 345 N.E.2d at 405–406; *State v. Overholt* (1991), 77 Ohio App.3d 111, 601 N.E.2d 116.

█ Whether a particular defendant has knowingly and voluntarily waived his right to counsel must be considered on a case-by-case basis. However, the admonitions given by the trial judge in *Gibson* are worthy of repetition here; they may serve as a guideline for a commonsense explanation of the factors relevant to the decision to waive the right to counsel:

"'THE COURT: One other point that I am going to mention, and then you can do as you see fit. You cannot and will not be forced to have [counsel] participate in the case. I caution you, however, that if you attempt to defend yourself, you are bound by the same rules of evidence that bind a lawyer, and if you don't know those rules of evidence—and I presume you don't since you are not a lawyer to the best of my knowledge—when you attempt to question any witness to defend yourself, you may find that you are not able to ask any questions simply because you don't know the proper way to put the questions; and if a question is improperly asked, the court; that is, me, will stop you from asking the question. So, I am cautioning you that you may find you are in the position that you are unable to ask any questions, and you are unable to present a defense, because you do not know how. If you wish to take that risk, which could possibly prevent you from ever getting your story told, that's up to you. I cannot and will not function as your lawyer to lead you along. That's not my role, so I am telling you with caution you are facing a heavy charge, a first degree felony under Ohio law, which I am sure you are well aware carries a maximum penalty of 25 years; so, this is hardly a trifling matter. So, I personally would strongly urge you to permit experienced counsel to participate in your defense. If you do not wish to

do so, you are over 21, I presume, and I have made it as plain to you as I am capable of making it what a dangerous course you are embarking on in my opinion. You are facing the heaviest charge in Ohio law with the exception of two or three charges such as a murder, and to attempt to do so without an attorney to represent you in my opinion is a most dangerous course.

" 'Now, I am not saying that because you have an attorney you would be acquitted. I have no idea if the Prosecutor can prove the case he is going to attempt to prove or not. You are, of course, presumed innocent. It is simply my opinion that you have a much, much lesser chance to be adequately represented if you are representing yourself.' " *Gibson*, 45 Ohio St.2d at 372–373, 74 O.O.2d at 529, 345 N.E.2d at 403–404.

■ A trial court may—but is not required to—appoint stand by counsel to aid a defendant if and when he or she requests assistance and to represent the defendant if his or her self-representation must be terminated. However, the role of stand by counsel is significantly different from the role of a counsel representative:

"First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. This is the core of the *Faretta* right. If standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance, the *Faretta* right is eroded.

"Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself. The defendant's appearance in the status of one conducting his own defense is important in a criminal trial, since the right to appear *pro se* exists to affirm the accused's individual dignity and autonomy. * * * From the jury's perspective, the message conveyed by the defense may depend as much on the messenger as on the message itself. From the defendant's own point of view, the right to appear *pro se* can lose much of its importance if only the lawyers in the courtroom know that the right is being exercised." (Emphasis deleted and footnote omitted.) *McKaskle v. Wiggins* (1984), 465 U.S. 168, 178–179, 104 S.Ct. 944, 951, 79 L.Ed.2d 122, 133–134.

In this case, the trial court was understandably and appropriately concerned to provide the defendant with effective representation by counsel at all stages of the proceedings. We acknowledge and approve the trial judge's intent to protect the defendant's fundamental constitutional right to counsel. We also acknowledge the apparent inconsistency in recognizing a right to counsel and a right to self-representation and the careful course the courts must steer between those rights.

■ All this having been said, however, once the appellant clearly and unequivocally informed the trial court that he wished to represent himself, the court was obligated to determine whether the defendant knowingly, voluntarily, and intelligently waived his right to counsel. The court's failure to inquire whether appellant knowingly, intelligently, and voluntarily waived his right to counsel violated appellant's Sixth Amendment right to defend himself.

■ "Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless." *McKaskle*, 465 U.S. at 177, 104 S.Ct. at 950, 79 L.Ed.2d at 133, fn. 8. Therefore, this court must vacate appellant's conviction and remand this matter for a new trial.

In light of this court's ruling on appellant's first assignment of error, appellant's second, third, and fourth assignments of error are moot. App.R. 12(A)(1)(c).

*Judgment reversed*
*and cause remanded.*

DYKE, P.J., and KARPINSKI, J., concur.