JOURNAL ENTRY and OPINION
Defendant-appellant Victor Bobo appeals from his guilty plea to two counts of aggravated vehicular assault and one count of aggravated vehicular homicide, all with driving under the influence (DUI) and driving under suspension (DUS) specifications attached. We find no merit to the appeal and affirm the trial court's judgment.
Bobo was indicted on five counts: two counts for aggravated vehicular assault, in violation of R.C. 2903.09 with DUI and DUS specifications; one count of aggravated vehicular homicide, in violation of R.C. 2903.06
with DUI and DUS specifications; one count for driving under the influence, in violation of R.C. 4511.19; and one count of involuntary manslaughter, in violation of R.C. 2903.04 with DUI and DUS specifications.
On November 29, 1999, the trial court conducted a hearing regarding Bobo's request to represent himself. At the hearing, Bobo informed the court that he did not feel comfortable with his appointed attorneys. He did not believe that they were acting in his best interest and believed that his counsel was withholding evidence regarding his blood/alcohol content and information regarding his psychological profile.
The trial court proceeded to question Bobo to determine whether he understood court proceedings. The court questioned Bobo about the role the judge, the prosecutor, Bobo, and the jury would have at trial. The trial court then explained to Bobo his constitutional rights at trial, such as, the State must prove his guilt beyond a reasonable doubt; he does not have to testify at trial; and that he has a right to cross-examine and subpoena witnesses. Bobo indicated he understood all of these.
The trial court then asked the prosecutor and the public defender if they doubted Bobo's ability to represent himself. Both the prosecutor and public defender stated that they had no concerns and both also stated that there was no need to send Bobo for a psychological evaluation because they believed he was competent based on the dialogue he had with the court. The trial court then concluded:
 Okay. Well, additionally, the Court does not feel the need to send Mr. Bobo for a competency evaluation. Mr. Bobo seems to understand very well the functions of the jury, the Judge, the Prosecutor, and the defense counsel in this case, seems to have a pretty good grasp on his constitutional rights.
 According to the authority under State of Ohio v. Joseph Howard Watson, which is in the Eighth District Court of Appeals, which is direct authority on this Court, I have no choice but to grant Mr. Bobo's motion, as I feel it has been made knowingly and voluntarily.
(TR. 14-15). The trial court then informed Bobo that it disagreed with his decision to proceed to represent himself and told Bobo that he would be "better off having" the public defender represent him because the attorney assigned to him was very capable. The trial court ordered the public defender to act as Bobo's assistant in order to help him present his case.
On February 28, 2000, the date trial was to begin, Bobo retracted his plea of not guilty and entered a plea of guilty to two counts of aggravated vehicular assault, with the specifications attached, and one count of aggravated vehicular homicide. The remaining charges were nolled.
The trial court sentenced Bobo to maximum, consecutive sentences on each count for a total of eight years.
Bobo appeals and assigns two assignments of error.
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING DEFENDANT-APPELLANT TO REPRESENT HIMSELF WITHOUT ORDERING A COMPETENCY HEARING AND WHEN DEFENDANT-APPELLANT'S DECISION WAS NOT MADE KNOWINGLY.
In his first assignment of error, Bobo argues that the trial court erred by not conducting a competency hearing prior to granting his motion to represent himself and that the trial court erred in finding that Bobo's request to represent himself was knowingly and voluntarily made.
This court in State v. Watson (1998), 132 Ohio App.3d 57, 63 held as follows:
 To invoke the right to self-representation, the right to the assistance of counsel must be knowingly, voluntarily, and intelligently waived. A two-part inquiry may be required. First, the court must determine whether the defendant is competent to waive the right to counsel if the court has reason to doubt the defendant's competence. Second, the court must decide whether the waiver is knowing and voluntary. Godinez v. Moran (1993), 509 U.S. 389, 400-402, 113 S.Ct. 2680, 2687-2688, 125 L.Ed.2d 321, 332-334.
 The competency standard for waiving the right to counsel is the same as that applicable in determining competency to stand trial: whether the defendant has a rational understanding of the proceedings against him or her. Godinez, 509 U.S. at 396-400, 113 S.Ct. at 2686-2687, 125 L.Ed.2d at 330-333. The Supreme Court in Godinez made clear that the decision to waive counsel does not require a higher level of competency than a decision to waive other constitutional rights; "the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself". Godinez, 509 U.S. at 399, 113 S.Ct. at 2687, 125 L.Ed.2d at 332.
A review of the record does not indicate that Bobo was incompetent. He demonstrated a rational understanding of the proceedings against him. His reason for not wanting to proceed with appointed counsel was based on his belief that counsel was withholding evidence from him. Although it appeared to be an erroneous belief, Bobo could not be dissuaded from his desire to represent himself. Furthermore, the trial court, the prosecutor, and the public defender all agreed that a competency hearing was not necessary given Bobo's dialogue with the court.
Bobo also argues that he did not understand that the prosecutor had the burden to prove his guilt beyond a reasonable doubt. Although the record indicates that Bobo initially was not aware of the standard of proof, the trial court thereafter advised him of the beyond a reasonable doubt standard and Bobo did not state that he did not understand. If the defendant receives the proper information, then we can ordinarily assume that he understands that information. State v. Carter (1979),60 Ohio St.3d 34, 38.
Bobo's first assignment of error is overruled.
 II. DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AS A RESULT OF THE STATE'S REFUSAL TO PROVIDE EXCULPATORY MATERIAL EVIDENCE.
Bobo alleges that the prosecution failed to disclose exculpatory evidence regarding the results of his blood/alcohol level.
A plea of guilty constitutes a complete admission of guilt pursuant to Crim.R. 11(B)(1). An accepted guilty plea in an Ohio criminal proceeding is the equivalent of the defendant taking the witness stand and admitting under oath his guilt of the offense charged. State v. Knaff (1998),128 Ohio App.3d 90, 93. When a defendant enters a plea of guilty as part of a plea bargain, the defendant waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v.Kelley (1991), 57 Ohio St.3d 127.
Based on the above law, Bobo waived any claimed flaw in the discovery proceedings because his plea operates as a complete admission to the acts described in the indictment. State v. Barnett (1991), 73 Ohio App.3d 244,249.
Bobo's second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and JAMES J. SWEENEY, J., CONCUR.