**The STATE of Ohio, Appellee,**

v.

**OBERMEYER, Appellant.**\*

[Cite as *State v. Obermeyer*, 152 Ohio App.3d 360, 2003-Ohio-1741.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020522.

Decided April 4, 2003.

</div>

---

\* Reporter's Note: The court removed this case from the accelerated calendar.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Timothy J. McKenna, Assistant Prosecuting Attorney, for appellee.

Peter Swenty, for appellant.

---

MARK P. PAINTER, Judge.

{¶ 1} Defendant-appellant Donald Obermeyer appeals his conviction for interference with custody, a violation of R.C. 2919.23. The state agrees that the appeal must be sustained. Because Obermeyer did not knowingly, intelligently, and voluntarily waive his right to be represented by counsel, we reverse his conviction and remand his case for a new trial.

{¶ 2} On April 30, 2002, Obermeyer picked up eleven-year-old Juanita McKenzie from school to take her home. Obermeyer had befriended Juanita when he was operating a pizza parlor in Harrison, Ohio. Of their relationship, he said that he felt "like she was my stepdaughter." Juanita asked Obermeyer to also give a ride to her friend, twelve-year-old Jamie Sanders, even though Obermeyer had been told by Jamie's mother never to drive Jamie anywhere. Obermeyer took both girls directly to Jamie's house, a drive of about three miles.

{¶ 3} Obermeyer appeared before the Hamilton County Municipal Court, without counsel, and entered a no-contest plea. The court found him guilty and sentenced him to 180 days in jail. A few days later, Obermeyer retained counsel and filed a motion to set aside his plea and to request a new trial. The trial court suspended the balance of his sentence of confinement, placed him on three years' probation, and continued the case to hear argument on the motion. At the next hearing, the trial court denied the motion and imposed the original sentence of 180 days.

{¶ 4} Obermeyer now raises three assignments of error. He first argues that he did not knowingly, intelligently, and voluntarily waive his right to counsel. He also argues that he did not knowingly, intelligently, and voluntarily enter his no-contest plea. Finally, Obermeyer argues that the trial court erred in accepting his no-contest plea without advising him of the maximum sentence for the offense.

{¶ 5} The Ohio Supreme Court has held that "[i]n order to establish an effective waiver of [the] right to counsel, the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right."[1]

{¶ 6} In *State v. Vordenberge*,[2] this court set down the following principles: "In determining whether a defendant has knowingly, intelligently, and voluntarily waived his right to be represented by counsel, the trial court is required to undertake a two-part inquiry: (1) whether the defendant is competent to waive the right to counsel[,] if [the court] has reason to doubt the defendant's competency, and (2) whether the waiver is knowing and voluntary. For the waiver to pass constitutional muster, the defendant must have 'some sense of the magnitude of the undertaking and the hazards inherent in self-representation.' For the trial court to provide an effective waiver of counsel, it should candidly and thoroughly discuss with the defendant 'the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.' "[3]

{¶ 7} The record reflects that the trial court informed Obermeyer at his plea hearing that he could go to jail, that he had a right to be represented by an attorney, and that, if he qualified, he could have the court appoint an attorney for him at no expense. Obermeyer proceeded to sign a waiver of counsel form. He argues, however, that the trial court's inquiry regarding his waiver of counsel fell far short of the requirements of *Vordenberge*. The state agrees, as do we.

{¶ 8} The trial court did not discuss the nature of the charge, the statutory offense, the range of allowable punishments, or any possible defenses available to Obermeyer. In sum, the trial court failed to thoroughly investigate whether Obermeyer had an understanding of the entire matter and an awareness of the hazards of representing himself. We conclude that the trial court did not adequately meet the requirements set forth in *Vordenberge* for Obermeyer to have knowingly, intelligently, and voluntarily waived his right to counsel. Accordingly, we sustain Obermeyer's first assignment of error.

{¶ 9} In light of our ruling on Obermeyer's first assignment of error, the two remaining assignments are moot. Having sustained the first assignment of error,

---

1. See *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph two of the syllabus.

2. 148 Ohio App.3d 488, 2002-Ohio-1612, 774 N.E.2d 278, ¶ 12.

3. Id., quoting *State v. Watson* (1998), 132 Ohio App.3d 57, 64, 724 N.E.2d 469; *State v. Ebersole* (1995), 107 Ohio App.3d 288, 294, 668 N.E.2d 934; and *State v. Weiss* (1993), 92 Ohio App.3d 681, 685, 637 N.E.2d 47.

we reverse the judgment of the trial court and remand this case for further proceedings consistent with the law and this Decision.

<div align="right">Judgment reversed
and cause remanded.</div>

SUNDERMANN, P.J., and DOAN, J., concur.