[Cite as *State v. Smith*, 2015-Ohio-3305.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0001** |
| CHRISTOPHER SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CR 00267.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Christopher Smith, appeals from the December 10, 2014 judgment of the Trumbull County Court of Common Pleas, sentencing him for harassment with a bodily substance following a jury trial. Appellant, an indigent defendant, waived his right to counsel and proceeded pro se at his jury trial. On appeal,

appellant asserts the trial court erred by not assigning stand-by counsel to assist him. The assignment of stand-by counsel may be a best practice and has a strong potential to eliminate potential reversible or plain error when a defendant elects to proceed pro se. However, based on the facts presented in this case and for the reasons stated, we affirm.

{¶2} On April 3, 2014, appellant was indicted by the Trumbull County Grand Jury on one count of harassment with a bodily substance, a felony of the fifth degree, in violation of R.C. 2921.38(A) and (D). Appellant was represented by David T. Rouzzo, an attorney with the Trumbull County Branch Office of the Ohio Public Defender's Commission. Appellant entered a not guilty plea at his arraignment.

{¶3} On November 12, 2014, appellant appeared in open court and filed a written "Waiver of Counsel" pursuant to Crim.R. 44. The trial court advised appellant of the nature of the charge against him as well as advised him of his rights and of those with which he was waiving. The court was satisfied that appellant understood the foregoing and accepted his waiver of counsel.

{¶4} Appellant represented himself pro se at his jury trial which commenced on November 17, 2014. Corrections Officer Olivia Jennings testified for the state. She indicated that on December 27, 2013, while appellant was incarcerated on another matter, he was disruptive and deliberately spit on her when she ordered him, more than three times, back to his cell. Appellant's position, however, was that he merely sneezed on Corrections Officer Jennings while another officer was attempting to escort him to solitary confinement.

2

{¶5} Following trial, the jury returned a verdict finding appellant guilty of harassment with a bodily substance, as charged in the indictment. On November 19, 2014, the trial court entered judgment on the verdict. On December 10, 2014, the court sentenced appellant to 12 months incarceration. Appellant filed a timely notice of appeal and asserts the following assignment of error:[1]

{¶6} "The trial court erred, as a matter of law, by refusing to permit the appellant to have stand-by counsel."

{¶7} At the outset, we note again that appellant waived his right to counsel and proceeded pro se at his jury trial after assuring the trial court that his decision was voluntary, knowing, and intelligent. On appeal, appellant now argues the trial court abused its discretion by not providing him with stand-by counsel during his pro se representation. Although the assignment of stand-by counsel may be a best practice, the record establishes, however, that appellant did not request "stand-by counsel" or object to proceeding without "stand-by counsel." Therefore, we consider this matter under a plain-error analysis.

{¶8} "It is well established that 'the failure to object [at the trial court level] constitutes a waiver of any claim of error relative thereto, unless, *but for the error, the outcome of the trial clearly would have been otherwise*.' (Emphasis added.) *State v. Underwood* (1983), 3 Ohio St.3d 12, * * *, syllabus, citing *State v. Long* (1978), 53 Ohio St.2d 91, * * *; Crim.R. 52(B). Furthermore, '"notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."' *State v. Gordon* (Mar. 22, 1996), 11th Dist.

---

1. The trial court appointed Attorney Michael A. Partlow to represent appellant on appeal.

3

No. 92-A-1696, 1996 Ohio App. LEXIS 1078, at 3-4, quoting *Long*, supra, paragraph three of the syllabus." (Parallel citations omitted.) *State v. Schlee*, 11th Dist. Lake No. 2004-L-070, 2005-Ohio-5117, ¶28.

{¶9} Criminal defendants have many guaranteed rights under the United States Constitution, including the following rights under the Sixth Amendment:

{¶10} Rights of the accused.

{¶11} "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense."

{¶12} At issue in this case is the right to counsel. However, the waiver of one right, i.e., the waiver of the right to counsel, does not exist in a vacuum. Stated differently, when a defendant waives his right to counsel, does he waive *all* of his rights? The answer is simply "no." Thus, even though a defendant waives one right, a cascading set of rights still follow.

{¶13} The trial court, as an impartial arbiter, must ensure that all rights are guaranteed so that a defendant has a fair trial. *See State v. Kelly*, 8th Dist. Cuyahoga Nos. 91875 and 91876, 2010-Ohio-432, ¶17, citing *State v. Byrd*, 63 Ohio St.2d 288, 292 (1980). The trial judge, as the impartial arbiter, cannot allow all of the other constitutional rights to be compromised simply because a defendant waives his right to counsel. When the right to counsel is waived this puts an added pressure or burden on

4

the trial court to ensure all of the other rights independently granted to the defendant have not been waived or forfeited due to the defendant's self-representation. As most pro se defendants do not have the technical savvy and/or legal expertise in knowing which rights to raise, they must be provided an adequate platform.

{¶14} Regarding the right to counsel, the Sixth and Fourteenth Amendments under the United States Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment. *See, e.g.*, *Powell v. Alabama*, 287 U.S. 45 (1932).

{¶15} The United States Supreme Court later held in *Faretta v. California*, 422 U.S. 806 (1975), that a criminal defendant also has a constitutional right to proceed without counsel at trial, where the defendant voluntarily and intelligently elects to do so. *See also State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, ¶18, citing *Faretta, supra*.[2]

{¶16} "To establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *State v. Gibson*, 45 Ohio St.2d 366, * * * (1976), paragraph two of the syllabus. Crim.R. 44(A) also provides that a defendant is entitled to counsel 'unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.' The United

---

2. As an aside, we note, however, that unlike the right to proceed without counsel at trial, there is no "constitutional right to self-representation on direct appeal from a criminal conviction." *Martinez v. California*, 528 U.S. 152 (2000) (denying the appellant's pro se motion to represent himself and to waive the appointment of counsel on appeal). *See also State v. Ferguson*, 108 Ohio St.3d 451, 2006-Ohio-1502, ¶97, citing *Martinez, supra* (holding that the appellant had no constitutional right to represent himself on appeal and no right to a "hybrid" form of representation in which he would be represented by counsel while also acting simultaneously as his own counsel).

States Supreme Court, however, has not prescribed a precise formula or script that must be read to defendants who indicate that they desire to proceed without counsel. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, * * * ¶101.  Instead, to be valid, a waiver of the right to counsel 'must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'  *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, * * *, ¶40."  (Parallel citations omitted.)  *State v. Thigpen*, 8th Dist. Cuyahoga No. 99841, 2014-Ohio-207, ¶28.

{¶17}  "[A] State may – even over objection by the accused – appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary."  *Faretta, supra,* at 834, citing *United States v. Dougherty*, 473 F.2d 1113, 1124-1126 (1972).  Thus, the appointment of stand-by counsel is discretionary, not mandatory.  *Id.; see also State v. Watson*, 132 Ohio App.3d 57, 65 (8th Dist.1998) (holding "[a] trial court may – but is not required to – appoint stand-by counsel."

{¶18} In this matter, appellant asserts he was not seeking "hybrid representation" but rather contemplated a situation where counsel would be available at the trial table to assist him with any evidentiary concerns.  Appellant claims the appointment of stand-by counsel is mandatory and that he was prejudiced due to the trial court's misunderstanding of the law.

6

{¶19} In support of his claim, appellant cites to a single case from 2004, *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, for the proposition that criminal defendants have the right to stand-by counsel even if they waived legal representation. Specifically, appellant relies on paragraph one of the syllabus in *Martin* which states: "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously."[3] Upon review of *Martin* and of the facts presented in the case at bar, we determine appellant's reliance on *Martin* is misplaced.

{¶20} Unlike appellant in the case sub judice, the Court in *Martin* found that the appellant never actually waived his right to representation but rather wanted to act as co-counsel and to be part of the defense team. *Martin, supra,* at ¶30, 42. Also, unlike appellant in the instant case, the appellant in *Martin* never signed a Crim.R. 44 written waiver of counsel and was never made aware of the "dangers and disadvantages" of self-representation. *Id.* at ¶18, 44.

{¶21} Relying only on paragraph one of the *Martin* syllabus, appellant asserts a mandate exists regarding a right to stand-by counsel. However, as stated, the appointment of stand-by counsel is discretionary, not mandatory. *Faretta, supra,* at 834; *Watson, supra,* at 65. "Once a defendant chooses to represent himself, '(a) trial court may – but is not required to – appoint stand-by counsel to aid a defendant if and when the defendant requests assistance (* * *).'" *Watson* at 65. Contrary to appellant's

---

3. We note **again** that *Martin* **was decided in 2004 and** has **since** been distinguished by several cases: *See State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404; *State v. Griffin*, 10th Dist. Franklin No. 10AP-902, 2011-Ohio-4250; *State v. Julian*, 6th Dist. Williams No. WM-06-009, 2007-Ohio-3568; *State v. Pruitt*, 6th Dist. Lucas No. L-03-1153, 2004-Ohio-7176; *Capers v. Bradshaw*, N.D.Ohio No. 1:11CV2496, 2013 U.S. Dist. LEXIS 143355 (Oct. 3, 2013).

7

suggestion, "*Martin* does not create a right to stand-by counsel, but rather recognizes that stand-by counsel may be appointed by the court at its discretion to assist a pro se defendant, 'even over objection by the accused.'" *State v. Colon*, 8th Dist. Cuyahoga No. 87499, 2006-Ohio-5335, ¶13, reversed on other grounds, *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, citing *Martin* at ¶28, quoting *Faretta* at 834.

**{¶22}** Paragraph one of the *Martin* syllabus must be analyzed in the context of the rest of that opinion. *See State v. Bloodworth*, 9th Dist. Summit No. 26346, 2013-Ohio-248, ¶5 (regarding the appellant's suggestion that the appointment of stand-by counsel is mandatory renders the *Martin* Court's opinion internally inconsistent.)

**{¶23}** "In paragraph 28, the Court wrote that '(o)nce the right to counsel is properly waived, trial courts are *permitted* to appoint standby counsel to assist the otherwise pro se defendant.' *Martin* * * * at ¶28 * * *. If a court is required to appoint standby counsel whenever a defendant waives his right to counsel, it would make no sense for the Court to write that a trial court is 'permitted' to appoint standby counsel in such instances. *Id.* * * * '[A] pro se defendant does not enjoy an absolute right to standby counsel.' *State v. Gatewood*, 2d Dist. No. 2008 CA 64, 2009-Ohio-5610, ¶46; *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565, 96568, 2012-Ohio-1531, ¶9-10." (Emphasis added.) *Bloodworth, supra,* at ¶5.

**{¶24}** The defendant raises issues of stand-by counsel and hybrid counsel. In order to determine the existence of error in allowing defendant to proceed without counsel, we must discuss the difference between the two.

{¶25} In 2010, the Fifth District, in *State v. Spung*, 5th Dist. Delaware Nos. 09CAC060059 and 09CAC060060, 2010-Ohio-3294, ¶17-22, addressed the distinction between stand-by counsel and hybrid counsel:

{¶26} "In *State v. Martin*, [*supra*], ¶24, 31-34, * * *, the Supreme Court of Ohio discussed the distinction between standby counsel and hybrid counsel as follows:

{¶27} "'This court, too, has concluded that "a defendant in a state criminal trial has an independent constitutional right of self-representation and (***) may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson,* [*supra*], * * * paragraph one of the syllabus, citing *Faretta.*

{¶28} "'This court has held that "(n)either the United States Constitution, the Ohio Constitution nor case law mandates (***) hybrid representation. See *McKaskle v. Wiggins* (1984), 465 U.S. 168 * * *. Although appellant has the right either to appear *pro se* or to have counsel, he has no corresponding right to act as cocounsel on his own behalf." *State v. Thompson* (1987), 33 Ohio St.3d 1, 6-7, * * *.

{¶29} "'Today we reaffirm and hold that in Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously. *Parren v. State* (1987), 309 Md. 260, 269, * * *.

{¶30} "'Hybrid representation raises several troubling issues. First, situations may arise in a hybrid representation environment where the accused and his "co-counsel" disagree on strategy, which witnesses to call, and other key trial issues. Who is the ultimate decision maker? Hybrid representation poses difficult ethical issues for

9

counsel and management issues for the trial judge when the defendant and his counsel disagree as to how the trial should proceed.

**{¶31}** "'Even more troubling is the issue of waiver. As the Maryland high court stated in *Parren v. State*: "The problems arising from such a concept of hybrid representation are apparent. It could not be ascertained by anyone, including the trial court itself, until after the trial whether the defendant had enjoyed representation by counsel, self-representation or hybrid representation, for '(t)he question is one of degree.' (*Bright v. State* (1986), 68 Md.App. 41) at 47, * * *. Neither the court, nor the defendant, nor counsel, nor the prosecutor would know until the record of the trial was examined who was actually responsible for the conduct of the defense and in control of deciding questions and resolving problems as they arose."''" (Parallel citations omitted.)

**{¶32}** Here, appellant does not dispute that he waived his right to counsel in open court and in writing, pursuant to Crim.R. 44, on November 12, 2014. Also, appellant does not dispute that he was thoroughly advised of his right to counsel and that he voluntarily, knowingly, and intelligently waived that right.

**{¶33}** The record establishes appellant did not accept the state's plea offer. Although appellant was represented by Attorney Rouzzo, appellant advised the court he wanted to represent himself. Appellant informed the court that he had represented himself in other criminal matters in the past.

**{¶34}** At the November 12, 2014 hearing, an exchange took place between the trial judge and appellant regarding the waiver of counsel. Appellant acknowledged that he would be required to comply with the Rules of Criminal Procedure, indicated he knew the Rules of Evidence, and said he knew how to lay a proper foundation. The trial judge

10

told appellant he would not be allowed a "hybrid representation" and that Attorney Rouzzo would not be able to assist him "in any fashion."

{¶35} It appears appellant contemplated a situation where counsel would be available at the trial table to assist him. However, appellant did not use the words "stand-by counsel," did not request "stand-by counsel," and did not object to the solo arrangement. Appellant represented himself pro se at his jury trial which commenced on November 17, 2014.

{¶36} Although appellant told the trial judge at the November 12, 2014 hearing that he had knowledge of the Rules of Criminal Procedure, the Rules of Evidence, and that he was perfectly capable of admitting his own documents, he now asserts on appeal that he made procedural missteps. Specifically, appellant alleges he was prejudiced because he did not have the assistance of counsel, even though he waived it, which caused the trial court to disallow the admission of three exhibits, Defense Exhibits A, B, and C.

{¶37} As stated, the trial court, as an impartial arbiter, must ensure that all rights are guaranteed so that a defendant has a fair trial. We find it worth repeating that the trial judge, as the impartial arbiter, cannot allow all of the other constitutional rights to be compromised simply because a defendant waives his right to counsel. Particularly disturbing in this case is that counsel was required to stand in the back of the courtroom and not participate during the whole trial. In waiving one's right to counsel, this puts an added pressure or burden on the trial court to ensure all of the other rights and that a defendant is not precluded from raising them. As most pro se defendants do not have

11

the technical savvy and/or legal expertise in knowing which rights to raise, they must be provided an adequate platform. This was readily available through stand-by counsel.

{¶38} We note again that the assignment of stand-by counsel may be a best practice and has a strong potential to eliminate potential reversible or plain error when a defendant elects to proceed pro se. However, in this instance, we are forced to analyze the record in light of the trial court's exclusion of the pro se defense exhibits. We are called upon to determine whether the exhibits would have been admissible if appellant had counsel and, if so, whether they would have changed the outcome, thus calling for reversal.

{¶39} Defense Exhibit A is a "Conduct" report from Corrections Officer Jennings. Corrections Officer Jennings is quoted about the spitting incident. The "Conduct" report is wholly consistent with her trial testimony that appellant was disruptive and spit on her. Its impeachment value was minimal and, if admitted, it would not have changed the outcome of this case.

{¶40} Exhibit B is a "Use of Force" report from Dennis Lemon, Use of Force Chairperson of the Ohio Department of Rehabilitation and Correction, to Christopher LaRose, Warden. The "Use of Force" report details in an overview how appellant became disruptive and spit on Corrections Officer Jennings. Neither Mr. Lemon nor Mr. LaRose testified at trial. Therefore, the admissibility of the "Use of Force" report is highly improbable.

{¶41} Exhibit C is an "Investigative" report from Trooper Seth Howard. Trooper Howard testified at trial regarding the spitting incident. In the "Investigative" report, Trooper Howard quotes Corrections Officer Griffin, who cuffed appellant and walked

12

him by Corrections Officer Jennings when appellant spit on her. Corrections Officer Griffin did not testify at trial. Therefore, his statements contained in the "Investigative" report constitute objectionable hearsay. We note that the state did not object when appellant cross-examined Trooper Howard about Corrections Officer Griffin's statement. Thus, even without the admission of the "Investigative" report, the jury heard Corrections Officer Griffin's recollection of the spitting incident.

{¶42} Upon review, as stated, the trial court, as an impartial arbiter, must ensure that all rights are guaranteed so that a defendant has a fair trial. Again, although the assignment of stand-by counsel may be a best practice and has a strong potential to eliminate potential reversible or plain error when a defendant elects to proceed pro se, in this case, appellant, who waived counsel, suffered no prejudice. Even if appellant had stand-by counsel and even if the foregoing documents were admitted, we fail to see how the outcome would have been different. Thus, any "error" in not assigning stand-by counsel in this case was harmless, and did not result in reversible error.

{¶43} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur in judgment only.