[Cite as *State v. Murphy*, 2018-Ohio-1063.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170390 |
| | | TRIAL NO. C-17CRB-12256 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| RYAN K. MURPHY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 23, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1}    Defendant-appellant Ryan K. Murphy appeals his conviction for canoeing on the Little Miami River without a life jacket in the vessel, in violation of R.C. 1547.25 (A)(2), a fourth-degree misdemeanor.

{¶2}    Murphy was unrepresented at his arraignment, at which time he pleaded not guilty and was informed of the maximum penalty for the offense. He told the court he was undecided if he would obtain trial counsel, and he remained undecided when he appeared a few weeks later for a nonjury trial. The trial was continued, and when Murphy appeared after the continuance, he stated a desire to waive his right to an attorney and then signed a waiver-of-counsel form. After an inquiry, the trial court accepted the waiver. Murphy proceeded without counsel, was found guilty, and was fined $100.

{¶3}    In his sole assignment of error, Murphy argues that he did not knowingly, intelligently, and voluntarily waive his Sixth Amendment right to trial counsel. Because the record demonstrates that Murphy effectively waived his constitutional right to trial counsel, we affirm his conviction.

{¶4}    Whether Murphy waived his right to counsel is an issue that we review de novo. *State v. Nelson*, 2016-Ohio-8064, 75 N.E.3d 785, ¶ 17 (1st Dist.). An effective waiver of the Sixth Amendment right to counsel must be voluntary, knowing, and intelligent. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus. The trial court conducting the trial where the defendant wishes to waive his right to counsel is required to make a sufficient inquiry "to determine whether [the] defendant fully understands and intelligently relinquishes" that right. *Id.* at paragraph two of the syllabus.

{¶5} In *State v. Vordenberge*, 148 Ohio App.3d 488, 2002-Ohio-1612, 774 N.E.2d 278 (1st Dist.), this court discussed the general principles involved when determining if a waiver of counsel passes "constitutional muster." *Id.* at ¶ 12. We stated that

> for an effective waiver of the right to counsel, the defendant must have "some sense of the magnitude of the undertaking and the hazards inherent in self-representation." *See State v. Ebersole*, 107 Ohio App.3d 228, 294, 668 N.E.2d 934 (1999), quoting *State v. Weiss*, 92 Ohio App.3d 681, 685, 637 N.E.2d 47 (1993). For the trial court to provide an effective waiver of counsel, it should candidly and thoroughly discuss with the defendant " 'the nature of the charges, the statutory offenses included with them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.' " *See State v. Watson,* 132 Ohio App.3d 57, 64, 724 N.E.2d 469 (8th Dist.1998), quoting *Von Moltke v. Gilles*, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948); *State v. McCray*, 1st Dist. Hamilton No. C-840426, 1985 WL 6717 (Mar. 27, 1985).

*Vordenberge* at ¶ 12.

{¶6} This court recognized also that a defendant must know the disadvantages of self-representation, and stated that the trial court "must inform the defendant that 'he will be required to follow the same rules of procedure and evidence which normally govern the conduct of a trial.' " *Id.*, quoting *State v. Doane*, 69 Ohio App.3d 638, 646-647, 591 N.E.2d 735 (11th Dist.1990).

{¶7} The best way for the trial court to insure the defendant understands the perils of self-representation, and that this understanding is reflected in the record, is for the trial court to specifically warn the defendant of the technical difficulties he will encounter when acting as his own counsel. But it is not the only way. *See United States v. Hafen*, 726 F.2d 21, 26 (1st Cir.1984). The focus is on what the defendant knew and understood, and the record must establish that the defendant " 'knows what he is doing and his choice is made with eyes open.' " *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942). *See also State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6406, 858 N.E.2d 1144, ¶ 102-103.

{¶8} Thus, there is no set "formula or script" for the court to follow when ascertaining if there has been a valid waiver of counsel. *Iowa v. Tovar*, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). An intelligent waiver of counsel "will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Id. See State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 30, quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ("Whether a defendant's choice was made with eyes open typically 'depend[s], in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' "). Ultimately, whether the waiver was constitutionally valid must be decided on a case-by-case basis. *Vordenberge*, 148 Ohio App.3d 488, 2002-Ohio-1612, 774 N.E.2d 278, at ¶ 12.

{¶9} Here, the transcripts show that the trial court informed Murphy that he was charged with operating a boat without a life jacket aboard, a fourth-degree misdemeanor violation of R.C. 1547.25. Murphy told the trial court of his defense to this simple offense—"I [] know you don't have to wear a life jacket in a boat." The transcripts also show the court advised Murphy that he had the right to be represented by an attorney; that, if he qualified, he could have the court appoint an attorney for him at no expense; and that there may be defenses to the charges that Murphy was not aware of due to his lack of legal training.

{¶10} Further, the court warned Murphy that there were potential "negative consequences" of self-representation and that the court was not permitted to give him any "legal advice." Although the court did not specifically explain to Murphy that he would be required to follow the same rules of procedure and evidence that normally govern the conduct of a trial, Murphy told the court that he previously had been represented by public defenders and opined that "[t]hey don't really help." Thus, the trial court was aware that Murphy had experience with the courts and he knew the role and challenges of defense counsel.

{¶11} Murphy, who had been told that he could go to jail for 30 days, clearly understood the negative consequences that could result from his waiver of counsel, informing the court at one point that he was not opposed to going to jail "for a couple days" to "save money." Finally, Murphy repeatedly told the court that he understood the right he was waiving and the implications of the waiver.

{¶12} Notwithstanding this record, Murphy argues that this case is analogous to *State v. Obermeyer*, 152 Ohio App.3d 360, 2003-Ohio-1741, 787 N.E.2d 729 (1st Dist.). In *Obermeyer*, the defendant was charged with interference with custody, in violation of R.C. 2919.23. *Id.* at ¶ 1. He signed a waiver of counsel and

entered a no contest plea that the trial court accepted. *Id.* at ¶ 3. The trial court, however, "did not discuss with Obermeyer the nature of the charge, the statutory offense, the range of allowable punishments, including the maximum sentence for the offense, or any possible defenses available to Obermeyer." *Id.* at ¶ 8. And the court "failed to thoroughly investigate whether Obermeyer had an understanding of the entire matter and an awareness of the hazards of representing himself." *Id.* When faced with that record, we held, as the state had conceded, that Obermeyer had not validly waived his right to counsel.

{¶13} This court's focus in *Obermeyer* was on the trial court's failures when inquiring about Obermeyer's knowledge and understanding of the right he was waiving and the burden he was facing, and there was no discussion of anything in the record that otherwise demonstrated Obermeyer's knowledge and understanding of the right he was waiving. As the state argues, the facts of this case are easily distinguished from *Obermeyer*.

{¶14} The determinative facts show that Murphy had told the court of his experience in the court system, expressed his appreciation of the charges that comprised a violation of R.C. 1547.25, and told the court of his defense. Murphy further acknowledged that he was facing a jail term, knew the role of counsel, and had some appreciation of the hazards inherent in self-representation. The trial court's inquiry to determine whether Murphy fully understood and intelligently relinquished his right to counsel, when coupled with these other facts, was sufficient to demonstrate a valid waiver.

{¶15} Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its own entry this date.