JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, Robert and Diane Curtin (collectively "the Curtins"), appeal the trial court's granting of summary judgment in favor of defendant-appellee, Michael Mabin ("Michael"). Finding no merit to the appeal, we affirm.
 {¶ 2} This lawsuit arises from injuries Robert Curtin ("Robert") sustained on duty while responding to a 911 call. In 2004, Melissa Ainger called Parma police because she believed that someone was breaking into her neighbor's garage. Robert responded to the call and approached the garage from the backyard, where he saw an individual (later identified as Michael) dressed in black. Robert identified himself and instructed Michael to stop, but Michael ran away. Robert then pursued Michael and injured himself as he attempted to climb over a fence.[1]
 {¶ 3} In January 2006, the Curtins sued Kathryn Mabin and five John Does alleging negligence, nuisance, and loss of consortium. The Curtins later amended their complaint, adding Michael as a defendant.[2]
Michael answered the complaint and filed a motion for summary judgment/motion to dismiss. The Curtins replied with their brief in opposition. The trial court granted Michael's motion for summary judgment and denied his motion to dismiss. *Page 4 
 {¶ 4} The Curtins now appeal, raising one assignment of error in which they argue that the trial court erred in granting Michael's motion for summary judgment because they demonstrated a prima facie case of negligence.
 {¶ 5} We note, however, that the Curtins stated the following in their six-paragraph brief: "Appellants incorporate by reference the standard of review, including citation to pertinent Eighth Appellate District authority, contained in Plaintiffs' Memorandum in Opposition to Defendant Michael C. Mabin's Motion for Summary Judgment/Motion to Dismiss, filed on March 13, 2007." The Curtins also incorporated "by reference those portions of their briefs that pertain specifically to the summary judgment motion filed by Defendant * * *."
 {¶ 6} App.R. 12(A)(2) provides:
 "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
 {¶ 7} App.R. 16(A)(7) states that appellant shall include in his brief "[an] argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
 {¶ 8} As the Twelfth District Court of Appeals found in State v.Watson (1998), 126 Ohio App.3d 316, the appellate court may rely on App.R. 12(A) in *Page 5 
overruling an assignment of error because of "lack of briefing," citingHawley v. Ritley (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390,392-393.
 {¶ 9} The Curtins' attempt to merely incorporate by reference the arguments contained in their trial court brief in opposition is improper. "[T]he Rules of Appellate Procedure do not permit parties to Incorporate by reference' arguments from other sources." Kulikowski v.State Farm Mut. Auto. Ins. Co., Cuyahoga App. No. 80102-80103, 2002-Ohio-5460. Under App.R. 16, arguments are to be presented within the body of the merit brief. See also, Willow Park Convalescent Home,Inc. v. Crestmont Cleveland Partnership, Cuyahoga App. Nos. 81147 
81259, 2003-Ohio-172; Powers v. Pinkerton, Inc., Cuyahoga App. No. 76333, 2001-Ohio-4119. Thus, "we disregard any argument not specifically and expressly addressed in the appellate briefs." Powers. *Page 6 
 {¶ 10} Accordingly, the sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR, J. and MARY J. BOYLE, J., CONCUR.
[1] Kathryn Mabin, Michael's mother, is the owner of the property containing the fence.
[2] The Curtins voluntarily dismissed Kathryn Mabin from the action in November 2006. *Page 1