[Cite as *State v. Kronenberg*, 2023-Ohio-1749.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                                No. 111840

    v.                           :

MICHELLE KRONENBERG,                    :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 25, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-661238-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Gregory T. Stralka, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Michelle Kronenberg ("appellant") brings the instant appeal challenging the trial court's decision to allow her to waive counsel and represent herself and the trial court's denial of her motion to vacate judgment and conviction.

After a thorough review of the law and applicable facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This matter arose from appellant's continued prohibited contact with the victim, James LaMarca, via phone, email, and letters. LaMarca had obtained a protection order against appellant as a result of her prior contact with him, but appellant had continued to contact him. Appellant was convicted of telecommunications harassment and violation of the protection order on several prior occasions.

{¶ 3} Several days after appellant was released from prison on the most recent previous charges, she again contacted LaMarca by sending him a letter. She further contacted him by phone several times. The letter stated that appellant knew that she was violating the protection order.

{¶ 4} Appellant was charged with three counts of violation of a protection order, one felony of the third degree and two felonies of the fifth degree, in violation of R.C. 2919.27(A)(2); one count of menacing by stalking, a felony of the fourth degree, in violation of R.C. 2903.211(A)(2); and one count of telecommunications harassment, a felony of the fifth degree, in violation of R.C. 2917.21(A)(5).

{¶ 5} Appellant pled not guilty to the charges, and the matter was assigned to the mental health docket. Appellant was assigned counsel but filed a motion to proceed pro se. Her court-appointed attorney requested a competency evaluation to determine if appellant was competent to represent herself.

**{¶ 6}** The court referred appellant to the court's psychiatric clinic for an evaluation. Appellant was evaluated by Dr. Caiti Maskrey, who determined that appellant was incompetent to stand trial, noting that her "present mental condition of delusional disorder mixed type continuous impairs her ability to assist in her defense" and also impaired her ability to voluntarily waive her right to counsel. Dr. Maskrey further stated that there was a substantial likelihood that appellant could be restored to competency if given treatment and recommended that appellant be hospitalized at Northcoast Behavioral Healthcare ("Northcoast").

**{¶ 7}** Appellant's counsel stated that appellant stipulated to the findings and conclusions of Dr. Maskrey's report. The court ordered appellant to Northcoast for competency restoration.

**{¶ 8}** Within several weeks, the court received a report from Dr. Megan Testa at Northcoast where she stated that appellant had "the ability to understand the nature and objective of the proceedings against her and the capacity to assist in her defense." Dr. Testa's report did not indicate whether appellant was competent to waive her right to counsel.

**{¶ 9}** A month later, the court held a hearing where Drs. Maskrey and Testa testified regarding their evaluations of appellant. Prior to the witnesses testifying, both the state and appellant's counsel stipulated to the doctors' reports.

**{¶ 10}** Dr. Maskrey explained to the court her reasoning behind her finding that appellant could not assist in her own defense. She noted that appellant had delusions and was "preoccupied" with her belief that postrelease control was illegal.

Dr. Maskrey believed that appellant was so focused on her arguments about postrelease control that it "would impact her ability to work with her attorney and consider other plea bargains or other defense strategies." Dr. Maskrey acknowledged that competency is a "fluid" standard and is a "here and now evaluation."

{¶ 11} Dr. Testa testified that she reviewed appellant's records for approximately 12 hours prior to meeting with her. She diagnosed appellant with a personality disorder and did not find that appellant was delusional. Appellant did not express to her that she thought postrelease control was illegal but instead that it was a violation of double jeopardy.

{¶ 12} Because the opinions of the two doctors were "so diametrically opposed," the court further sought an independent evaluation of appellant's competency to stand trial and represent herself. Dr. Katie Connell evaluated appellant and determined, in her professional opinion, "with reasonable psychological certainty, that Ms. Kronenberg understands the nature and objectives of the proceedings against her and is able to assist in her defense."

{¶ 13} The court read portions of Dr. Connell's opinion into the record:

> Further, it is my professional opinion that Ms. Kronenberg has the capacity to represent herself based on evaluating her abilities related to communicating a choice, to understanding relevant information, to appreciating the situation and its likely consequences, and to manipulate information rationally. Although I believe * * * she has the capacity to represent herself, this was evaluated strictly from a psychological perspective in which whether or not Ms. Kronenberg has the requisite legal knowledge to represent herself is left to the trier of fact.

In sum, my professional opinions were based on Ms. Kronenberg's ability to accurately identify her charges, provide the behaviors that led to her charges, identify available plea options and why she would or would not choose certain ones, and understand plea bargaining, understanding the components of a trial, and identify potential consequences if convicted.

Throughout the evaluation, Ms. Kronenberg presented as articulate, engaged in back-and-forth dialog, explained her points, and was responsive to interruption and redirection. Her attention and concentration were good. She did not present with any disorganized thinking. She also did not express current delusional beliefs about her relationship with the alleged victim.

Finally, Ms. Kronenberg was able to communicate a clear and coherent choice regarding her desire to waive her right to counsel and represent herself. She was able to communicate her decision about the essential elements of self-representation. She was able to appreciate the situation and its likely consequences. Although one may see her as making poor behavior choices that lead to legal consequences, at this time I did not find sufficient evidence to indicate her choices are rooted in mental illness.

**{¶ 14}** The trial court determined that appellant was competent and able to waive her right to counsel and proceed pro se, finding: "[B]ased on [Dr. Connell's] opinion, the opinion of Dr. Testa, I am willing to accept the stipulations of the parties and to find that Ms. Kronenberg is competent to stand trial, and then furthermore, competent to proceed pro se."

**{¶ 15}** The court then informed appellant of the charges against her and the maximum penalties she was facing, including postrelease control. The court further articulated the defenses available to appellant, motions she could choose to file, and explained the concept of mitigating circumstances. The court warned appellant of the perils of proceeding pro se and noted that she would have to comply with all of

the rules of evidence and procedure. Appellant acknowledged that she understood everything and executed a written waiver of her right to counsel.

{¶ 16} The matter proceeded to a bench trial where the state presented the testimony of LaMarca and the police officer who took his statement. After the state rested, appellant moved for a Crim.R. 29 acquittal. The motion was denied, but the state agreed to delete the "furthermore" clause in Count 4, which reduced the menacing by stalking charge to a first-degree misdemeanor.

{¶ 17} Appellant testified in her own defense and admitted to violating the protection order by calling and sending a letter to the victim.

{¶ 18} The court found appellant guilty of all counts. Appellant, pro se, moved to vacate her conviction, which was denied. Appellant was sentenced to a total of 40 months in prison.

{¶ 19} Appellant then filed the instant appeal, raising two assignments of error for our review:

> 1. The trial court committed prejudicial error when it allowed appellant to waive counsel and represent herself.
>
> 2. The trial court abused its discretion when it denied appellant's motion to vacate judgment and conviction.

## II. Law and Analysis

{¶ 20} In her first assignment of error, appellant argues that she did not knowingly, voluntarily, and intelligently waive her right to counsel.

{¶ 21} The right to counsel for the criminally accused is enshrined in both the Sixth Amendment to the United States Constitution and the Ohio Constitution.

Sixth Amendment to the United States Constitution; Article I, Section 10, Ohio Constitution. Nevertheless, a defendant may waive his or her right to counsel and proceed pro se so long as that waiver is made voluntarily, knowingly, and intelligently. *State v. Nelson*, 2016-Ohio-8064, 75 N.E.3d 785, ¶ 18 (1st Dist.). For such a waiver to be valid though, the record must demonstrate that the trial court made a sufficient inquiry to determine that the defendant "fully understood and intelligently relinquished his or her right to counsel." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 39. Crim.R. 44(C) further provides that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded * * *. In addition, in serious offense cases the waiver shall be in writing." We review the propriety of a defendant's waiver of his or her right to counsel de novo. *Nelson* at ¶ 17.

{¶ 22} A defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that he or she is incapable of understanding the nature and objective of the proceedings against him or her or of presently assisting in his or her defense. R.C. 2945.37(G). A court shall find that a defendant is incompetent to stand trial "'[i]f, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense.'" *State v. Hough*, Slip Opinion No. 2022-Ohio-4436, ¶ 22, quoting *id*.

{¶ 23} "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him [or her] and of assisting his [or her] counsel." *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

{¶ 24} "The competency that is required of a defendant seeking to waive his [or her] right to counsel is the competence to waive the right, not the competence to represent himself [or herself]." *Godinez v. Moran*, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); *see also State v. Watson*, 132 Ohio App.3d 57, 724 N.E.2d 469 (8th Dist.1998). The defendant must have the "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and ha[ve] a 'rational as well as factual understanding of the proceedings against him [or her].'" *Godinez* at 396, quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). This is the same standard for determining one's competency to stand trial. *Godinez* at *id*.

{¶ 25} Trial courts have the discretion, however, to inquire beyond a defendant's competency to stand trial in determining whether he or she is competent to proceed pro se. *Indiana v. Edwards*, 554 U.S. 164, 178, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008). The *Edwards* Court held that "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his [or her] own defense at trial is mentally competent to do so." *Id*.

{¶ 26} In the instant matter, the trial court considered two evaluations of appellant and ordered its own independent evaluation. The trial court also questioned Drs. Maskrey and Testa about their findings and evaluations. While the court noted that it had presided over prior cases with appellant where she had represented herself, it is clear from the record that the court thoroughly considered whether appellant was competent to represent herself with regard to the case at hand.

{¶ 27} On the record before us, we find that the trial court properly assessed appellant's competency. Appellant was competent to stand trial and waive her right to counsel. While appellant points to her outburst at sentencing as evidence that she was incompetent, the competency determination was made prior to trial and sentencing. We draw no conclusion as to whether appellant's outburst was evidence of incompetency occurring *after* the trial; the trial court properly determined appellant to be competent before she was permitted to represent herself at trial.

{¶ 28} Appellant's first assignment of error is overruled.

{¶ 29} In her second assignment of error, appellant argues that the trial court erred by denying her motion to vacate judgment and conviction. Appellant does not present any arguments in support of this assignment of error; rather, she states that she was "incorporating" her motion to vacate as her second assignment of error. Appellant seems to contend that since the trial court did not provide any reasoning for its denial of her motion to vacate, this court cannot review the issue and should automatically reverse. Appellant's assertion is unfounded.

{¶ 30} App.R. 12(A)(2) provides:

The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).

{¶ 31} App.R. 16(A)(7) states that appellant shall include in his or her brief "[an] argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.  The argument may be preceded by a summary."

{¶ 32} This court has noted that we may rely on App.R. 12(A) in overruling an assignment of error due to "lack of briefing." *Curtin v. Mabin*, 8th Dist. Cuyahoga No. 89993, 2008-Ohio-2040, ¶ 8, citing *State v. Watson*, 126 Ohio App.3d 316, 710 N.E.2d 340 (8th Dist.1998), citing *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988).

{¶ 33} Appellant's attempt to merely incorporate by reference the arguments contained in her motion to vacate in lieu of presenting arguments in support of her assignment of error was improper.  App.R. 16 requires that arguments are to be presented within the body of the merit brief, and "the Rules of Appellate Procedure do not permit parties to 'incorporate by reference' arguments from other sources." *Kulikowski v. State Farm Mut. Auto. Ins. Co.*, 8th Dist. Cuyahoga Nos. 80102 and 80103, 2002-Ohio-5460, ¶ 55.  Appellant has failed to present any arguments supporting her assertion that the trial court improperly denied her motion to vacate.

Consequently, pursuant to App.R. 16(A)(7) and 12(A)(2), we disregard this assignment of error.

{¶ 34} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
LISA B. FORBES, J., CONCUR