[Cite as *State v. Kronenberg*, 2024-Ohio-1159.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111840 |
| v. | : | |
| MICHELLE KRONENBERG, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION FOR REOPENING GRANTED
**RELEASED AND JOURNALIZED:** March 25, 2024

Cuyahoga County Court of Common Pleas
Case No. CR-21-661238-A
Application for Reopening
Motion No. 565294

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Owen Knapp, Assistant Prosecuting
Attorney, *for appellee.*

Michelle Kronenberg, *pro se.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} On June 16, 2023, the applicant, Michelle Kronenberg, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Kronenberg*, 8th Dist. Cuyahoga

No. 111840, 2023-Ohio-1749, in which this court affirmed her convictions for three counts of violating a protection order, one count of menacing by stalking, and one count of telecommunications harassment. She now argues that her appellate counsel did not properly argue that some of the charges were allied offenses and should have merged. The state filed its brief in opposition on July 17, 2023. For the following reasons, this court grants the application to reopen.

{¶ 2} Michelle Kronenberg and James LaMarca had been friends for many years, but eventually Kronenberg's persistent telephone calls to him resulted in LaMarca obtaining a civil protection order prohibiting her from contacting him. Nevertheless, Kronenberg continued her persistent calling. In 2011, the common pleas court found her guilty of violating the protection order, telecommunications harassment and trespass; the court sentenced her to three years in prison. *State v. Kronenberg,* Cuyahoga C.P. No. CR-11-548068. In 2013, she was convicted of telecommunications harassment and violating a protection order. The trial court merged the two convictions as allied offenses and sentenced her to three years. *State v. Kronenberg,* Cuyahoga C.P. No. CR-13-579027. Subsequently, the grand jury indicted her for three counts of menacing in 2017. The trial court found her guilty on all counts and sentenced her to a total of 54 months. *State v. Kronenberg,* Cuyahoga C.P. No. CR-17-614825.

{¶ 3} When she finished her prison term in late June 2021, she immediately sent LaMarca a letter in which she admitted that she was violating the protection order. LaMarca received the letter on June 30, 2021, and made a police report. On

July 7, Kronenberg called LaMarca three more times.  This resulted in her arrest and indictment on the following charges:

> Count 1:  Violating a protection order pursuant to R.C. 2919.27(A)(2), a third-degree felony, for violating a protection order between June 30, 2021, to July 7, 2021, by committing a felony offense, to wit: Menacing by Stalking and/or Telecommunications Harassment.

> Count 2:  Violating a protection order pursuant to R.C. 2919.27(A)(2), a fifth-degree felony, on or about June 30, 2021, with a furthermore clause of having previously violated a protection order in Case No. CR-11-548068.

> Count 3:  Violating a protection order pursuant to R.C. 2919.27(A)(2), a fifth-degree felony, on July 7, 2021 with a furthermore clause of having previously violated a protection order in Case No. CR-13-579027.

> Count 4:  Menacing by stalking pursuant to R.C. 2903.211(A)(1), a fourth-degree felony, for engaging in a pattern of conduct causing James LaMarca or one of his family members to believe that she would cause physical harm or mental distress between June 30, 2021, and July 7, 2021, with a furthermore clause of having previously violated this provision.

> Count 5: Telecommunications harassment pursuant to R.C. 2917.21(A)(5), a fifth-degree felony, for the communications made on July 7, 2021, with a furthermore clause of have previously committed this offense in Case Nos. CR-11-548068 and/or CR-09-528987.

{¶ 4}   During pretrial proceedings, the trial court, after hearing from three psychiatrists, ruled that Kronenberg was competent to stand trial and to represent herself.  During trial, she testified and admitted the contacts with LaMarca.  She also argued in various ways that some of the counts should merge.  The trial court found her guilty on all counts and sentenced her as follows:  30 months on Count 1, consecutive to ten months on Count 2, ten months on Count 3, 180 days on Count

4, and ten months on Count 5. The latter three counts were to be served concurrently with each other and the first two counts. Kronenberg moved to vacate the sentence on the grounds that various counts should have merged as allied offenses, which was denied by the trial court.

{¶ 5} On appeal, her appointed counsel argued the competency issue and included by reference her motion to vacate. This court affirmed holding, inter alia, that incorporating an argument by reference was insufficient. Kronenberg now argues that the count for telecommunications harassment should merge with Counts 1 and 3 for violating a protection order, because in the act of making the phone calls on July 7, she committed both crimes with the same action, the same animus, and the same import.

{¶ 6} App.R. 26(B) provides that the application shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of appellate counsel. Generally, in order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense: but for counsel's error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed,* 74 Ohio St.3d 534, 660 N.E.2d 456 (1996).

{¶ 7} Kronenberg argues that the trial court erred when it failed to merge her convictions for telecommunications harassment and violating a protection order. Alternatively, she argues that her conviction on Count 1, violation of a protection order, violates the Double Jeopardy Clause because she is receiving an additional punishment for the same offense.

{¶ 8} Her appellate counsel's effort to include the allied offense argument by incorporation was deficient because it prevented the argument from being examined on its merits.

{¶ 9} The courts of Ohio have ruled that if the same act committed with a single animus constitutes a crime, such as assault, and the act also violates a protection order, then the two crimes should merge as allied offenses. In *State v. Seymour,* 12th Dist. Butler Nos. CA2011-07-131 and CA2011-07-143, 2012-Ohio-3125, ¶ 26, the court ruled: "We find that the commission of domestic violence, aggravated burglary, and violating a protection order were committed by a single act with a single state of mind." That court reached a similar conclusion in *State v. Weathers*, 12th Dist. Butler No. CA2011-01013, 2011-Ohio-6793, when it merged felonious assault, domestic violence, and violation of a protective order. The Eleventh District merged felonious assault with the violation of a protection order in *State v. O'Brien,* 11th Dist. Lake No. 2011-L-011, 2013-Ohio-13.

{¶ 10} These cases convince this court that Kronenberg raises a colorable claim or genuine issue as to whether she was deprived of the effective assistance of

appellate for failure to properly raise merger of allied offenses.  Accordingly, this court grants the application to reopen.

{¶ 11}  Attorney Scott J. Friedman, 1360 E. 9th St., #600, Cleveland, Ohio, 44114, is appointed to represent Kronenberg.  Counsel is instructed to apply for compensation within 30 days after the journalization of this court's final decision in the reopened appeal.

{¶ 12}  The clerk of the court of appeals is instructed to reassemble the record in 8th Dist. Cuyahoga No. 111840 as it existed during the court's original review of the judgment in Cuyahoga C.P. No. CR-21-661238-A.  App.R. 26(B)(7) shall govern the filing of the record and the briefs.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, A.J., and
LISA B. FORBES, J., CONCUR